ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 4:23-CR-085-D |
| RIT TRAN (01) | |

### PLEA AGREEMENT WITH WAIVER OF APPEAL

Rit Tran, the defendant, Christopher Weinbel, the defendant's attorney, and the United States of America (the government) agree as follows:

1. **Rights of the defendant**: The defendant understands that the defendant has the rights:

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the defendant's guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the defendant's defense; and

    e. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: The defendant waives these rights and pleads guilty to the offenses alleged in Count One of the Information, charging a violation of 18 U.S.C. § 2251, that is, sexual exploitation of children; and Count Two of the Information, charging a violation of 18 U.S.C. § 2252A(a)(2), that is, receipt of child pornography.

**Plea Agreement—Page 1**

The defendant understands the nature and elements of the crimes to which the defendant is pleading guilty, and agrees that the factual resume the defendant has signed is true and will be submitted as evidence.

3. **Sentence**: The minimum and maximum penalties the Court can impose for each count include:

Count One

    a. imprisonment for a period not less than 15 years, and not to exceed 30 years;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of at least five years up to any term of years to life, which is mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement. Also, in a revocation of multiple counts, the Court may run sentences consecutively;

    d. a mandatory special assessment of $ 100;

    e. restitution to the victim, which is mandatory under the law;

    f. additionally, unless the Court finds the defendant to be indigent, a mandatory special assessment of $5000 must be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015;

    g. an assessment, pursuant to 18 U.S.C. § 2259A, for no more than $50,000 for offenses occurring on or after December 7, 2018;

    h. registration as a sex offender; and

    i. costs of incarceration and supervision.

Count Two

a. imprisonment for a period for not less than 5 years and not more than 20 years;

b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

c. a term of supervised release of at least five (5) years up to any term of years to life. If the defendant violates any condition of the term of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement. Also, in a revocation of multiple counts, the Court may run sentences consecutively;

d. a mandatory special assessment of $100;

e. a second mandatory special assessment of $5,000, unless the Court finds the defendant to be indigent, must also be imposed pursuant to 18 U.S.C. § 3014 for offenses occurring on or after May 29, 2015;

f. an assessment of no more than $35,000 pursuant to 18 U.S.C. § 2259A for offenses occurring on or after December 7, 2018;

g. restitution of not less than $3,000 per victim, which is mandatory under the law; and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone

h. registration as a sex offender under the Sex Offender Registration and Notification Act; and

i. costs of incarceration and supervision

4. **Court's sentencing discretion and role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's

consideration of the guidelines in this case. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: The defendant agrees to pay to the U.S. District Clerk the amount of $200, in satisfaction of the mandatory special assessments in this case.

6. **Defendant's agreement**: The defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation.

The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Destruction of property**: The defendant waives and abandons any and all right, title, claim or interest, he may have in all property seized during the investigation of the defendant from his residence and leading to the Information in this case, which is specifically listed below:

 a. MSI Laptop, Model GT780R, containing one Western Digital Scorpio Black 750GB hard drive, Serial number WD-WX11A417567, and one Western Digital Scorpio Black 750GB hard drive, Serial number WD-WX11A4176945;
 b. Dell laptop, Service Tag: 7RDLYC1;
 c. Samsung cell phone, Model SM-N97OU, IMEI 358230102335057;
 d. HP EliteBook 840 laptop;
 e. Apple iPad, IMEI 358677053271303;
 f. Sandisk Cruzer Glide USB Serial number BM170726125B;
 g. One Apple iPhone in a green case;
 h. One ZTE in a purple case; and
 i. One Samsung cellular device in a black case.

Defendant affirms that with the exception of the HP EliteBook 840 laptop, no other person has an interest in the listed property and agrees that the government may destroy or otherwise dispose of such property, including but not limited to any and all images, files, documents or other information that may be electronically stored on or within the listed property, at its discretion. The defendant agrees there was reasonable cause for the seizure of the subject property and releases, holds harmless, and forever discharges the government, its officers, agents, servants, and employees, its heirs, successors, or assigns, or any state or local authorities, either in their official or individual capacities, from any and all claims, causes of action, suits, proceedings, debts, dues,

contracts, judgments, damages, and/or demands whatsoever in law or equity that the defendant and his heirs, successors, or assigns ever had, now have, or may have in the future, in relation to the subject property. The defendant further agrees that he will not seek costs or attorney fees in connection with the seizure, abandonment, or destruction of the subject property.

8. **Government's agreement**: The government will not bring any additional charges against the defendant based upon the conduct underlying and related to the defendant's plea of guilty. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

9. **Violation of agreement**: The defendant understands that if the defendant violates any provision of this agreement, or if the defendant's guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

10. **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives the defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine and order of restitution or forfeiture in an amount to be determined by the district court. The defendant further waives the defendant's right to contest the conviction, sentence, fine and order of restitution or forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of the defendant's plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with the defendant's attorney and is fully satisfied with that attorney's legal representation. The defendant has received from the defendant's attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that the defendant is guilty, and after conferring with the defendant's attorney, the defendant has concluded that it is in the

defendant's best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13.  **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties. This agreement supersedes any and all other promises, representations, understandings, and agreements that are or were made between the parties at any time before the guilty plea is entered in court. No promises or representations have been made by the United States except as set forth in writing in this plea agreement.

AGREED TO AND SIGNED this 31st day of MARCH, 2023.

LEIGHA SIMONTON
UNITED STATES ATTORNEY

*(signature)*

AISHA SALEEM
Assistant United States Attorney
Texas State Bar No. 00786218
801 Cherry Street, Unite #4
Fort Worth, Texas 76102
Tel: 817-252-5200
Email: Aisha.Saleem@usdoj.gov

*(signature)*

ALEX C. LEWIS
Deputy Criminal Chief

I have read or had read to me this plea agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____       _24 MAR 2023_____
RIT TRAN                                                            Date
Defendant

I am the defendant's attorney. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge and belief, my client's decision to enter into this plea agreement is an informed and voluntary one.

_____       _29 MAR 2023_____
CHRISTOPHER WEINBEL                                   Date
Attorney for Defendant

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I further understand that I am required to provide information relating to my intended travel outside the United States. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.

_____       _29 MAR 2023_____
RIT TRAN                                                            Date
Defendant

_____       _29 MAR 2023_____
CHRISTOPHER WEINBEL                                   Date
Attorney for Defendant

Plea Agreement—Page 9